**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANTWOINE LAMONT PITTMAN,

        Petitioner,        Case Number: 5:07-CV-13820

v.        HON. JOHN CORBETT O'MEARA

BLAINE LAFLER,

        Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND (2) DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Antwoine Lamont Pittman has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, challenges his 2005 convictions for armed robbery, felon in possession of a firearm, and felony firearm. For the reasons set forth below, the Court denies the petition.

**I.**

Petitioner's convictions arise from a robbery at a gas station in the City of Detroit, on May 24, 2005. Michael Green testified that at approximately 1:00 a.m., on that date as he exited the Fast Track Gas Station a man grabbed him by the shirt and by a necklace he was wearing. The man held a gun in the other hand and pointed it at Green's head. He ordered Green to "Give me your [stuff]." Green punched the man in the chest. The man stumbled back, tearing the necklace from Green's neck. Green retreated into the gas station. He contacted police. When the police arrived, Green told them that he had seen the assailant at the bar where he worked and

on other occasions and knew him as Antwoine or Anthony. At trial, Green identified Petitioner as his assailant.

Petitioner and his fiancé testified at trial that Petitioner was at home on the night of the assault and did not leave at any time during the night.

## II.

Following a bench trial in Wayne County Circuit Court, Petitioner was convicted of armed robbery, felon in possession, and felony firearm. He was sentenced as a second habitual offender to 96 months to 20 years for the armed robbery conviction, 1 to 7-1/2 years for the felon-in-possession conviction, to be served concurrently with one another and consecutively to a term of two years' imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals raising the following claims through counsel:

> I. Mr. Pittman's convictions must be reversed and his case remanded for a new trial because the trial court made erroneous findings of fact and conclusions of law and its verdicts are against the great weight of the evidence.
>
> II. The trial court erred in assessing attorney fees as part of the judgment of sentence. Further, the assessment of attorney fees is improper because defendant is indigent and there was no hearing, finding or other showing that he had the present or future ability to pay such attorney fees. This court should remand for correction of the judgment of sentence, vacation of the other orders for reimbursement, and for further proceedings consistent with the requirements of *People v. Dunbar*, 264 Mich. App. 240, 690 N.W.2d 476 (2004).

Petitioner raised the following additional claims in a *pro per* supplemental brief:

> III. Trial counsel's performance fell short of state and federal constitutional standards by failing to adequately assist in Mr. Pittman's alibi defense when he:

      A.      Failed to use information supplied by defendant that may have been beneficial to the defense.

      B.      Failed to request an expert witness on the reliability of witness identification where Mr. Pittman was identified by one eyewitness, when the existence of other witnesses and security tape footage was known by trial counsel.

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences, but vacated the order requiring Petitioner to reimburse the county for attorney fees and remanded for further proceedings on that issue. *People v. Pittman*, No. 266276 (Mich. Ct. App. March 15, 2007).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Pittman*, No. 133603 (Mich. July 30, 2007).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following claims: (1) the verdict was against the great weight of the evidence, (2) the trial court erroneously assessed Petitioner attorney fees, and (3) Petitioner's trial counsel was ineffective.

## III.

Section 2254(d) of Title 28 U.S.C., imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable

> determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

Where a claim is fairly presented in state court, but the state court, although denying the claim, fails to address it, a federal court on habeas review must conduct an independent review of the state court's decision. *Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." Id. at 943. However, the independent review "is not a full, *de novo* review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id.*

**IV.**

4

**A.**

In his first claim for habeas corpus relief, Petitioner argues that the trial court made erroneous findings of fact and that the verdict is against the great weight of the evidence.

A federal court lacks power to grant habeas corpus relief on the ground that a state conviction is against the great weight of the evidence. *Thomas v. McLemore*, 2001 WL 561216, *5 (E.D. Mich. March 30, 2001), *citing Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985). The appropriate inquiry on federal habeas corpus review is not whether the verdict went against the great weight of the evidence, but whether sufficient evidence was presented to support the conviction. *Id.* Thus, this Court will treat Petitioner's claim to be asserting that the prosecutor presented insufficient evidence to support his convictions.

In *Jackson v. Virginia*, 443 U.S. 307 (1979), the Supreme Court established that the standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in original). Pursuant to 28 U.S.C. § 2254(d)(1), this Court must determine whether the state court's application of the *Jackson* standard was contrary to or an unreasonable application of Supreme Court precedent. In making this determination, this Court must afford the state court's findings of fact a presumption of correctness unless it is established by clear and convincing evidence that the factual determination in the state court was erroneous. 28 U.S.C. § 2254(e)(1); *West v. Seabold*, 73 F.3d 81, 83 (6th Cir. 1996), *cert. denied*, 116 S. Ct. 2569 (1996).

The Michigan Court of Appeals was the last state court to issue a reasoned opinion regarding Petitioner's claim that insufficient evidence supported his conviction, and that court

held, in pertinent part:

> A new trial may be granted when the verdict is against the great weight of the evidence, but "only where the evidence preponderates heavily against the verdict and a serious miscarriage of justice would otherwise result." *People v Lemmon*, 456 Mich 625,635,642,647; 576 NW2d 129 (1998). Absent exceptional circumstances, issues of witness credibility are for the trier of fact. *ld*. at 642, 647. Where the question is one of credibility, the verdict may not be overturned unless the directly contradictory testimony has been so far impeached that it was deprived of all probative value or the trier of fact could not believe it. *Id.* at 643, 645-646.
>
> In this case, the victim identified defendant as the perpetrator, while defendant and his fiancee both testified that defendant was at home at the time of the offense. The trial judge stated that "the key issue in this case is identification," and after reviewing the key testimony of the witnesses, concluded that "the People have proved beyond a reasonable doubt that Mr. Pittman assaulted Mr. Green." Because there was conflicting evidence on the question of defendant's identity as the perpetrator, this issue does not present a true challenge to the weight of the evidence. Rather, defendant is disputing the trial court's determination that the victim was more credible than defendant. Considering the evidence all together, including the admissions by defendant and his fiancee that the victim knew defendant and would recognize him, we are not left with a definite and firm conviction that the trial court clearly erred in finding the victim credible, and in crediting the victim's identification of defendant as the perpetrator. Defendant is not entitled to a new trial on this basis.

*Pittman*, slip op. at 1-2.

The state court, although not citing *Jackson*, clearly incorporated the *Jackson* standard. Petitioner has not presented any evidence to show that the state court's findings of fact were erroneous. Therefore, according the state court's findings of fact a presumption of correctness, this Court concludes that the state court's decision that sufficient evidence was presented to sustain his convictions did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Accordingly, Petitioner is not entitled to federal habeas corpus relief with respect to this claim.

**B.**

Petitioner's second habeas claim states that he was improperly assessed attorney fees and costs by the trial court.  In response to Respondent's answer, Petitioner states that this issue has been resolved in state court and withdraws the claim from his habeas petition.  The Court, therefore, need not address this clam.

**C.**

Finally, Petitioner argues that his trial attorney was ineffective.  Specifically, Petitioner argues that defense counsel was ineffective in failing to obtain video surveillance footage from the gas station, failing to vigorously cross examine witnesses, and failing to request an expert witness to testify on the reliability of eyewitness identifications.

To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance."  *Id.* at 689.  This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."  *Id.* at 687.  To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  "[T]he focus should be on whether the result of the trial was 'fundamentally unfair or unreliable.'"  *Tinsley v. Million*, 399 F.3d 796, 802 (6th Cir. 2005), *quoting Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

The Michigan Court of Appeals held that trial counsel was not ineffective, reasoning, in pertinent part:

> "Decisions concerning what evidence to present and whether to call or question a witness are presumed to be matters of trial strategy, and this Court will not substitute its judgment for that of counsel regarding matters of trial strategy." *People v Davis*, 250 Mich App 357,368; 649 NW2d 94 (2002). To overcome the presumption of sound trial strategy, defendant must show that counsel's alleged error may have made a difference in the outcome by, for example, depriving defendant of a substantial defense. *See People v Flowers*, 222 Mich App 732, 737; 565 NW2d 12 (1997).
>
> In this case, it is not apparent from the record that a videotape of the crime actually exists. The lower court record is devoid of any mention of a videotape, and on appeal, defendant has failed to provide any evidence, or even an offer of proof (such as an affidavit), indicating that the camera and videotape actually exist and, if so, what the videotape shows (if anything). Absent information that a videotape exists, or what it depicts, there is no basis for concluding that defense counsel was ineffective for not pursing this issue at trial.
>
> Defendant also argues that defense counsel was ineffective for not more vigorously crossexamining the victim concerning his identification of defendant. We disagree. Whether and how to impeach a witness is a matter of trial strategy entrusted to counsel's professional judgment. *Flowers, supra* at 737. The principal issue in the case was identification. Defendant and the victim admittedly knew each other before the offense. The victim knew defendant's name, the street he lived on, and the kind of car he drove. Defendant admitted that the victim would recognize him. The record discloses that defense counsel attempted to impeach the accuracy and detail of the victim's observations, his memory of the events, his statement to the police, and his identification of defendant as the perpetrator.
>
> We also reject defendant's argument that defense counsel was ineffective for failing to call an expert witness to testify about the inherent unreliability of eyewitness identification. Because this was a case in which defendant and the victim knew each other, there is no reasonable possibility that an expert's testimony would have served a useful purpose.
>
> For these reasons, defendant has failed to show that he was denied the effective assistance of counsel.

*Pittman*, slip op. at 3.

This Court finds the state court's analysis persuasive. Petitioner provides no support for his claim that an attorney, acting within "the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, would not have proceeded to trial without hiring an expert witness on identification. As pointed out by the state court, Petitioner was known to the victim. In addition, the record supports the state court's conclusion regarding the adequacy of counsel's cross-examination. Finally, Petitioner has not provided any support for a claim that a surveillance video existed or that the video would have been favorable to the defense. Thus, the Court finds that the state court's decision that counsel was not ineffective was not contrary to or an unreasonable application of *Strickland*.

## V.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). In denying the habeas petition, the Court has carefully reviewed the petition, the state court record, and the relevant law, and concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997)), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must

9

"sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not present a claim upon which habeas relief may be warranted. Therefore, the Court denies a certificate of appealability.

## VI.

Petitioner has not established that he is in the State of Michigan's custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**


s/John Corbett O'Meara
United States District Judge

Date:  June 11, 2009


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 11, 2009, by electronic and/or ordinary mail.


s/William Barkholz
Case Manager